Milton A. Lundstrom, Plaintiff-Appellant, v. Winnebago Newspapers, Inc., a Delaware Corporation, Defendant-Appellee.

Gen. No. 64–46.

Second District.

April 23, 1965.

Askow, Stevens & Hardy, of Chicago, and LaVerne E. Anderson, of Rockford, for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, and Miller, Thomas, Hickey & Collins, of Rockford (L. C. Miller, Francis E. Hickey, Don H. Reuben and Lawrence Gunnels, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The case at bar has had a long but unvaried history. This is an action to recover for libel based upon two articles published in the Rockford Morning Star on January 23, 1958, and January 25, 1958.

Through 1957, plaintiff was the Mayor of the City of Rockford. Upon the aforementioned dates the following articles appeared in the Rockford Morning Star:

## "WHO GOT $7,000 IN BAR DEAL?"

(Underneath this headline appeared three cuts, one from a photograph of the plaintiff, one from a photograph of Carl Calacurcio, and the other from a photograph of Carroll H. Johnson. Below these newspaper cuts appeared the following:)

"Carl Calacurcio, left photo, 604–15th Ave., testified before the city liquor commission Wednesday afternoon that he received $7,000 from James E. Virgili for a city liquor license after Calacurcio took Virgili to the office of former Mayor Milton A. Lundstrom, center photo, last April and arranged for Virgili to receive a license which had been surrendered by the Ken-Rock Legion post. Calacurcio testified that he retained $850 of the money and gave $5,800 to Carroll H. Johnson, right photo, who then was serving as a member of the city zoning board. Johnson, under oath, denied that he received the money."

### "LUNDSTROM ISSUED MYSTERY LICENSE ILLEGALLY: Collins"

"Former Mayor Milton A. Lundstrom had no authority to issue a city liquor license last April 17 to James F. Virgili, who says he paid $7000 for a Class A license after Ken-Rock Legion Post had surrendered a Class D license to Lundstrom."

On January 21, 1959, the plaintiff filed a complaint in the District Court of the United States for the Northern District of Illinois, Western Division, under the mistaken belief that the defendant was a foreign corporation. Subsequently this complaint was dismissed upon a finding that the defendant was a citizen of the State of Illinois.

On February 4, 1959, plaintiff filed a complaint in the circuit court of Winnebago County for libel concerning the articles set forth above. The defendants filed motions to strike which were heard and allowed. This action was upheld in this court in the case of Lundstrom v. Winnebago Newspapers, Inc., 27 Ill App2d 128, 169 NE2d 369.

Thereafter the instant complaint was filed and this time dismissed by the trial court on the grounds that the action was barred by the one year statute of limitations. Subsequently this court, in 32 Ill App2d 266, 177 NE2d 643, reversed and held that if the plaintiff is nonsuited and the time limit for bringing an action expired during the pendency of the action, the nonsuited plaintiff in the Federal District Court is entitled to relief. The complaint was then reinstated in the circuit court of Winnebago County and the several defendants filed motions for summary judgment, which were granted by the trial judge, thus bringing the case here for further decision.

Without regard to the lengthy history of litigation presented to us by this case and to the state of the law during the time of the pendency, it is now clear that we should proceed from a new foundation.

The late pronouncement of the United States Supreme Court in New York Times Co. v. Sullivan, 376 US 254, 84 S Ct 710, establishes "A Federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice', that is, with knowledge that it was false or with reckless disregard of whether it was false or not." The basis of this rule is "A profound national commitment to the principle that debate on public issues should be uninhibited, robust and wide open and that it may well include vehement, caustic and sometimes unpleasantly sharp attacks on govern-

ment and public officials." This is counterbalanced by the rule that a public official himself is not subject to damages for libel in his public utterances unless made with actual malice. The purpose being to prevent inhibiting "fearless, vigorous and effective administration of policies of government," and dampening "the ardor of all but the most resolute or the most irresponsible in the unflinching discharge of their duties," Barr v. Matteo, 360 US 564, 571, 79 S Ct 1335, 1339.

■ The spirit of the law is to encourage full and frank discussion of all public questions. In the words of Judge Learned Hand "To many this is and always will be folly; but we have staked upon it our all," United States v. Associated Press, 52 F Supp 362.

We now turn our attention to the case at hand. The complaint alleges in substance that the plaintiff was a person of good reputation in the City of Rockford and Mayor of that City from 1953 through a part of 1957. The complaint further alleges that as a result of the publication he was held in public hatred, contempt and ridicule and has been injured in his good name and reputation. No further allegation of damages is made and no special damages are alleged. The complaint alleges in general terms that the defendants were motivated by malice but we are given no facts from which to draw this conclusion.

■ In view of the rule announced in New York Times Co. v. Sullivan, supra, the complaint does not state a good cause of action unless it alleges actual malice and consequent special damages. In Gogerty v. Covins, 5 Ill App2d 74, 124 NE2d 602, the court held "If the language used in the articles is not libelous per se, then plaintiff was required to allege in his complaint that special damages resulted from the publications thereof, and the specific nature of such damages and make proof thereof on the trial. A general allegation as to damages is insufficient. Such

36

damages must be alleged with particularity. The complaint herein appears to be lacking in that regard as it alleges only generally that plaintiff suffered damage as a result of the publications." In the case at bar, we find no assistance from the complaint on the question of special damages and, of course, this failure is fatal.

In view of the court's decision on the main issue presented, we deem it unnecessary to consider or decide the other issues presented by this appeal.

Judgment affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.