■ JOSEPH RAFFA, Respondent, v. KURT M. SHILBURY, Appellant.— HERLIHY, J. This appeal is from an order denying the defendant's motion for summary judgment in a libel action. The defendant contends that the plaintiff has inadequately pleaded libel by innuendo due to his failure to plead special damages and, the plaintiff being a public official, that the remarks were privileged. The complaint, quoting in part from the alleged statement, states: "a Supervisor who knowing the true value of this property, since it is in his own township and neighborhood, is the main mover for the adoption of the Resolution which favors his most important political backer, the President of the School Board whose fleet of buses he, the Supervisor, runs uninterrupted for years on a very profitable contract". Certainly from a common-sense standpoint the unambiguous charge that a Town Supervisor will let a friend in on a land steal in return for which the Supervisor could continue a profitable school bus contract is disparaging per se and needs no innuendo and accord-

ingly does not require the pleading of special damages. The charge made by the defendant characterizes the acts on the part of the plaintiff as immoral and possibly criminal. The defendant further alleges that because the plaintiff was a public official the remarks of the defendant were privileged and for authority cites *New York Times Co.* v. *Sullivan* (376 U. S. 254). Where, as here, the complaint alleges that the libel statement was made with malice and the affidavit upon the motion indicated this to be a disputed fact question, there is present an issue to be resolved by a jury. There being a question of fact as to actual malice on the part of the defendant, the motion was properly denied. Order affirmed, with $25 costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.