Windsor Lake, Inc., an Illinois Corporation, and Clark Baldwin, Plaintiffs-Appellants, v. WROK, a Foreign Corporation Authorized To Do Business in the State of Illinois, and Rockford Newspapers, Inc., a Foreign Corporation Authorized To Do Business in the State of Illinois, Defendants-Appellees.

Gen. No. 67–128.

Second District.

May 14, 1968.

Jack R. Cook, of Loves Park, for appellants.

Miller, Hickey, Collins, Gilbert & Powers, of Rockford, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

On June 20, 1964, Radio Station WROK, broadcasting in Winnebago County, carried the following story:

> "The operator of Windsor Lake, Clark Baldwin, denies charges of alleged inadequate lifeguard protection and unhealthy swimming conditions at the lake. However, such complaints may touch off investigations by the Winnebago County Board of Supervisors to come up with a law enforcing rules and regulations of such swimming facilities. County Health Officer, Robert Anderson, has reported complaints of swimmers suffering skin infections from swimming in the lake. Rockford Township Super-

visor, Marie Sheehe, has received complaints the bottom of the lake is dirty. Officials have been peppered with complaints against the lake since the drowning this month of a fifteen-year-old youth at the lake."

The story had apparently been prepared by the defendant, Rockford Newspapers, Inc., although it was not published in the newspaper. The newspaper supplied the story to the radio station, and the radio station broadcasted it on several occasions on that day.

The plaintiffs, Windsor Lake, Inc., an Illinois corporation, and Clark Baldwin, its President, brought this suit against the radio station and the newspaper in four counts, alleging that the report was libelous per se, or in the alternative that it was libelous per quod, had been motivated by malice and that the plaintiffs had suffered special damage.

The defendants made a motion to dismiss all counts of the complaint on the grounds that the story was not libelous, in the alternative that it came within the rule of qualified privilege, and that plaintiffs had failed to allege actual malice or special damage.

The trial court granted the motion and dismissed all counts of the complaint. Thereupon, the plaintiffs elected to stand upon their complaint and have brought the case to this court.

In oral argument before us, the plaintiffs concede that they did not allege special damage in count IV of their complaint, and they have abandoned that count on appeal.

The case is presented to us upon plaintiffs' complaint, now in three counts, and defendants' motion to strike. It is fundamental that such a motion admits all facts well pleaded, Palier v. New City Iron Works, 81 Ill App2d 1, 5, 225 NE2d 67 (1967).

Plaintiffs' complaint denies that the County Health Officer and the Township Supervisor received the complaints or had the conversations described in the

406

story. From the state of the record before us we are unable to determine the truth of these allegations, but, at the very least, they create issues of fact not susceptible to dismissal by motion. It appears to us that the complaint does indeed state a cause of action and that the case should be reversed and remanded for further proceedings to determine the factual issues presented.

Since the case must be remanded, we deem it appropriate to comment upon the various issues raised by the parties. The defendants allege that the story is subject to a qualified privilege, since it is a fair report of governmental proceedings. Section 611 of the Restatement of Torts provides:

> "The publication of a report of judicial proceedings or proceedings of a legislative or administrative body or an executive officer of the United States, a State or territory thereof, or a municipal corporation or a body empowered by law to perform a public duty is privileged although it contains matter which is false and defamatory if it is: (a) accurate and complete or a fair abridgment of such proceedings and (b) not made solely for the purpose of causing harm to the person defamed."

In Lulay v. Peoria Journal-Star, Inc., 34 Ill2d 112, 214 NE2d 746 (1966), the Illinois Supreme Court held that a publication of the official proceedings of the Health Department of the City of Peoria was subject to a qualified privilege which could only be overcome by allegations and proof of actual malice and special damage. However, in the Lulay case there was a complete trial on the merits and a jury verdict in favor of the plaintiff. There has been no trial in this case and indeed the merits are not before us. We are unable to conclude from defendants' motion that there was any governmental "proceedings." There may well have been a "proceedings"

but that is a matter of fact which must be determined by the trial court.

If, in fact, there was a governmental proceedings then the qualified privilege would arise and the plaintiff could not recover unless he has alleged and proven actual malice and special damage, Lundstrom v. Winnebago Newspapers, Inc., 58 Ill App2d 33, 36, 206 NE2d 525 (1965).

In this case the plaintiff has alleged that the County Health Officer and the individual plaintiff cautioned and instructed the defendant newspaper not to publish the story for the reason that the story might or could cause serious injury to plaintiff's business. Plaintiff further alleges that the County Health Officer specifically instructed the defendant newspaper not to publish any conversation or disclosure and that the defendant newspaper agreed and consented not to make the publication. The plaintiff further alleges that despite these instructions the defendant newspaper published the story by giving it to the defendant radio station, knowing that it would be broadcasted, and that the defendant radio station broadcasted the story, knowing that the story was false. If we are to have a rule that a qualified privilege may be overcome by allegations of actual malice, then it follows that there must be some means of alleging actual malice and it seems to us that the plaintiff has properly alleged actual malice. Whether or not the plaintiff can prove the allegations of his complaint is not before us and must await a trial on the merits or some other proceedings to determine the factual questions presented.

We reach the same conclusion regarding plaintiffs' allegation of special damage. The plaintiff alleges that as a result of the broadcast he suffered a loss of profit by a reduction in its gate attendance and concession receipts in the amount of $15,000 in 1964 and $10,000 in 1965. In our view these are proper allegations of spe-

cial damage. Whether or not they are true must await a trial or other proceedings on the merits.

In New York Times Co. v. Sullivan, 376 US 254, the United States Supreme Court established the proposition that a State Court could not impose a rule of libel law violating the constitutional guarantees of free press and free speech. The court in that case, however, did not create an absolute privilege. The privilege is qualified, first, to governmental proceedings and, second, only when actual malice and special damage are absent.

We concede that the Illinois Supreme Court expanded this doctrine in the Lulay case; however, the doctrine is still limited to the degree that there must be some proceedings of some governmental agency and the privilege itself may be overcome by proper allegations of actual malice and special damage.

■■ It is likewise true that the question of whether or not the publication is libelous and whether or not a qualified privilege exists is a question of law to be decided by the court, John v. Tribune Co., 24 Ill2d 437, 440–441, 181 NE2d 105 (1962); however, in this case the court does not yet have the merits before it and it cannot yet make that determination.

The same must be said of whether or not this is fair comment upon proceedings since the court cannot make that determination until it makes a decision on what proceedings occurred, if any.

The defendants next allege that there was no publication of the story from the defendant newspaper to the defendant radio station and that, therefore, the defendant newspaper cannot be charged. The defendants' only authority for this proposition is the definition of the word "publication" which is "the act of publishing or making known; notifying or printing; proclamation; divulgation; promulgation—as a publication of the gospel; the publication of statutes or edicts."

■ The complaint alleges that the defendant newspaper gave the story to the defendant radio station. This would be a publication if there is no privilege as between the two defendants (see Zepeda v. Zepeda, 41 Ill App2d 240, 254, 190 NE2d 849 (1963)). If the defendant newspaper had a duty to the defendant radio station to disclose the information in question and if it did so in good faith, then there would be a qualified privilege. There are no undisputed facts before us indicating either a duty or good faith on the part of the defendant newspaper. In addition to that, the privilege thus created is qualified and can be overcome by proper allegations of actual malice and special damage, Schlaf v. State Farm Mut. Automobile Ins. Co., 15 Ill App2d 194, 199–200, 145 NE2d 791 (1957). No decision on this question is possible since the facts have not been determined.

■■ Finally, the defendant urges that the defendant radio station and the defendant newspaper are separate entities and that one was not the agent of the other. We note that in the case of libel both principal and agent can be responsible, assuming, of course, that there was an agency, that the agent was acting within the scope of his authority and that the article was libelous and beyond any privilege, Colmar v. Greater Niles Tp. Pub. Corp., 13 Ill App2d 267, 275–277, 141 NE2d 652 (1957); Randall Dairy Co. v. Pevely Dairy Co., 274 Ill App 474, 483 (1934). We also note that it is no defense to the publisher of a libel that he is merely reporting the statement of another person, Lorillard v. Field Enterprises, Inc., 65 Ill App2d 65, 73, 213 NE2d 1 (1965). In this case the plaintiff has alleged that the defendant newspaper is the agent of the defendant radio station and that the material was published within the scope of its authority. Since we are at the pleading stage, the plaintiff has properly alleged agency and can recover if he can prove his allegations. In any event, since these allegations have not been

tested on the merits they are not susceptible to a motion to strike.

It may well be that the various matters yet to be determined in this case can be determined by a motion for summary judgment with accompanying affidavits. If factual matters remain unresolved after that procedure, then there must be a trial on the merits. In any event, the complaint states a good cause of action at this point in the proceedings and the cause must, therefore, be reversed and remanded to the trial court with instructions to conduct further proceedings in accordance with the views expressed herein.

Reversed and remanded.

DAVIS and SEIDENFELD, JJ., concur.