**Joseph CERRITO, Plaintiff-Appellant,**

v.

**TIME, INC., Life Magazine, et al., Defendants-Appellees.**

**No. 24941.**

United States Court of Appeals, Ninth Circuit.

Oct. 11, 1971.

John J. Ardizonne (appeared), San Jose, Cal., for plaintiff-appellant.

Noble K. Gregory (appeared), John A. Sutro Jr., John B. Bates, of Pillsbury, Madison & Sutro, San Francisco, Cal., Harold R. Medina, Jr., Cravath, Swaine & Moore, New York City, for defendants-appellees.

Before CARTER, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Joseph Cerrito appeals from an adverse summary judgment entered by the District Court[1] disposing of his action to recover damages for alleged libel from Time, Inc.[2] (Time), the publisher of Life magazine in which had appeared a series of articles entitled "The Mob" on the subject of organized crime in the United States with particular emphasis on the "Cosa Nostra." We affirm.

In one of the articles, appellant was depicted as head of a Cosa Nostra "fam-

1. The District Court's Memorandum Opinion and Order is reported in 302 F. Supp. 1071 (D.C., N.D.Cal.1969).

2. Although "Life Magazine, X, Y and Z corporation, Doe One through Doe Ten" were also named as defendants, the record indicates that Life Magazine is not a legal person, but just a magazine published by Time, Inc., and that no effort was made by Cerrito to identify any of the fictitious defendants.

ily" in California by a one-inch square picture of him accompanying a cartoon map of the United States titled "Your Land is Hoodland." Similar pictures of twenty-four other men encircled the map, each identified by name and state of residence.

Appellant contended that he was a legitimate business man in San Jose and Los Gatos, California and had never been associated with the Cosa Nostra or any other organization involved in criminal activities; that the Life magazine articles were false and defamatory of him; that he was not a public official or a public figure; and that he had not injected himself into a public controversy; for which reasons the doctrines of New York Times Co. v. Sullivan, 376 U. S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L. Ed.2d 1094 (1967) did not shield Time.

In New York Times Co. v. Sullivan, the Supreme Court had held that the freedoms of speech and of the press guaranteed by the First and Fourteenth Amendments prohibit "a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice',— that is, with knowledge that it was false or with reckless disregard of whether it was false or not." 376 U.S. at 279–280, 84 S.Ct. at 726. And in *Curtis Publishing Co.*, the *New York Times* rule was extended to "public figures", private citizens who project themselves into important public controversies.

In United Medical Laboratories, Inc. v. Columbia Broadcasting System, Inc., 404 F.2d 706 (9th Cir. 1969), cert. denied 394 U.S. 921, 89 S.Ct. 1197, 22 L. Ed.2d 454 (1969), that rule was further extended to a prominent mail order laboratory on the ground that public health is a subject of legitimate public interest.

Appellant, however, seeks to distinguish *United Medical Laboratories* contending that involved there was one of the largest mail-order laboratories in the country and thus, a "public figures," whereas appellant is not.

During the pendency of this appeal the Supreme Court held in Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S. Ct. 1811, 29 L.Ed.2d 296 (June 7, 1971) that the *New York Times* rule applies whenever the alleged defamatory statements relate to the plaintiff's involvement in a matter of public or general concern, regardless of whether the plaintiff is a "public official", a "public figure", or a "private individual." Rosenbloom was a distributor of nudist magazines in Philadelphia and claimed that Metromedia had broadcast defamatory falsehoods concerning his arrest by the police for possession of obscene literature and about a pending injunction action in which plaintiff was labeled as a smut distributor. Rosenbloom was neither a public official nor a public figure, as Cerrito also denies here.

In the light of *Rosenbloom*, it is unnecessary for us to belabor the point whether Cerrito is a "public figure", (although the evidence in the record indicates that he is) since the Life magazine articles on organized crime "is a subject of the utmost importance to the people of this country and that if it is not, it nevertheless should be a subject of great interest to them" as appellant himself acknowledges.

The record clearly indicates that appellant is unable, as a matter of law, to discharge the burden imposed on him of proving that he was included in one of the Life magazine articles with actual malice or with knowledge that it was false or with reckless disregard of whether it was false or not.

Therefore, the summary judgment is affirmed.