DAVID H. WEBER, Plaintiff-Appellant, *v.* JOSEPH I. WOODS *et al.*, Defendants-Appellees.

(No. 57092;

First District (3rd Division)—August 7, 1975.

124

Joel J. Sprayregen, Dean A. Dickie, and Michael S. Kurtzon, all of Aaron, Aaron, Schimberg & Hess, of Chicago, for appellant.

Don H. Reuben, Lawrence Gunnels, and James C. Munson, all of Kirkland & Ellis, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This appeal arises from a suit for alleged defamation based on certain statements made by the defendant, Woods, concerning the plaintiff, during the course of a television "talk show" broadcast on Station WBKB-TV, a wholly owned subsidiary of the defendant, American Broadcasting Companies, Inc. (hereinafter referred as ABC). The trial court entered summary judgment on behalf of the defendants, and the plaintiff has brought this appeal. The plaintiff contends that the summary judgment was improperly entered and argues that (1) he has sufficiently pleaded actual malice as is required in *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, (2) he is not required to plead and prove special damages in this action, and (3) there was a triable issue of fact in existence in the trial court. The defendants argue, in support of the summary judgment entered by the trial court, that the record discloses the allegedly defamatory statements were not made with actual malice, that the plaintiff must show special damages in order to recover, and that there is no triable issue of fact in this case. Defendant ABC further argues that regardless

of the disposition of the case as to defendant Woods, summary judgment should have been granted in favor of ABC.

We affirm in part, reverse in part and remand.

The relevant facts are as follows: In October, 1966, the defendant Woods was a candidate for the office of sheriff of Cook County. In connection with that campaign, he appeared on a television "talk show" on October 16, 1966. During the course of the broadcast Woods, in response to a question regarding complaints about Chicago Police Department personnel that he had received while he was chief investigator for the Better Government Association, stated:

> "During the traffic court scandal—I'll tell you one exactly when we tailed Mr. Weber in the—let's see, that was one of the cases Municipal Court Bailiff. His brother was in the records department of the police department. Allegedly he had never been arrested before—the man we were tailing. No wonder, his brother was in there and had removed it and I got a letter from the police department that he had removed others, he flunked the lie detector test, and they had put him out to pasture."

Mr. Weber's brother, referred to in the above quotation, is the plaintiff in this action.

Subsequently, the plaintiff initiated a lawsuit alleging that Woods and ABC had maliciously published defamatory falsehoods, the commonly understood meaning of which was that the plaintiff had, by removing certain criminal records from the Chicago Police Department, committed two separate criminal offenses, that of tampering with public records (Ill. Rev. Stat. 1965, ch. 38, par. 32—8) and official misconduct (Ill. Rev. Stat. 1965, ch. 38, par. 33—3).

From the complaint and further pleading filed in response to the defendants' motion for summary judgment, the following facts were also before the trial judge when he entered judgment for the defendants. The plaintiff was a Chicago police officer assigned to the department's records and communications division from 1962 to 1964. On July 20, 1964, Woods, as chief investigator for the B.G.A., received an anonymous telephone call complaining the the plaintiff, and others, were destroying Chicago Police Department arrest records of Chicago hoodlums in exchange for money. Woods transmitted this information to Joseph Morris, deputy superintendent of the Police Department, by letter on the same day. In connection with their investigation of the complaint, the Police Department requested the plaintiff to take a polygraph test.

In his deposition submitted as part of the motion for summary judgment, Woods stated that he had a conversation with Morris in which Morris had told him that Weber had failed the polygraph examination,

that certain arrest records had been removed from Police Department files, and that in Morris' opinion the records had been removed by Weber.

Subsequently, a summary of the Police Department investigation was sent to Woods and retained for the B.G.A. files. This report indicated that although Weber had denied removing, or having any part in the removal of Police Department files, in the opinion of the polygraph examiner, Weber had not been truthful in that denial. However, the report concluded that in the opinion of the investigating officer "the allegations are not sustained, in that there is not sufficient evidence to support them." The report was initialed by Woods with a filing notation "File as unit—Chicago Police Dept.," and this was the end of the matter until Woods, in October, 1966, made the televised statement that is the basis of this suit.

The plaintiff argues that this report proves that the televised statement made by Woods was made with actual malice in that Woods knew the statement was false or had reckless disregard for the exculpatory material contained in the report from the Police Department. The award of summary judgment, based upon the above facts, presents the following issues for our review.

First, the plaintiff argues that, if he is required to do so, he has sustained the burden of pleading that the defendant's alleged defamation was made with actual malice. The defendants argue that the plaintiff, as a police officer, is required to show actual malice but that he has failed to do so. The issue, then, is whether the plaintiff is a "public official" within the meaning of that term as it is used in *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, and its progeny, *Rosenblatt v. Baer* (1966), 383 U.S. 75; *Time, Inc. v. Hill* (1967), 385 U.S. 374; *Rosenbloom v. Metromedia, Inc.* (1971), 403 U.S. 29, and if so, whether he has sustained the burden placed upon him by those cases of showing that the alleged defamation was made with actual malice.

■■ In *Coursey v. Greater Niles Township Publishing Corp.* (1968), 40 Ill.2d 257, 239 N.E.2d 837, a patrolman on a municipal police force brought suit against a local newspaper alleging he had been defamed by the defendant. There the court held that a patrolman, although the lowest rank of police official, has duties which are peculiarly "governmental" in character and highly charged with the public interest and therefore belongs to that class of persons that was intended to be barred from maintaining an action for defamation, under the *New York Times* decision, unless he could satisfy constitutional standards by showing that the defendant's statement was made with " 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was

false or not." (376 U.S. 254, 279-80.) Clearly, the plaintiff in the instant case, a police officer in October, 1966, was a "public official" as that term is used in *New York Times v. Sullivan*.

■■ The additional question then, is whether the plaintiff's complaint in this case sufficiently alleged the existence of actual malice, within Illinois pleading standards. The Illinois cases hold that the complaint must "set forth factual allegations from which actual malice may reasonably be said to exist as opposed to the bare assertion of actual malice." (*Arlington Heights National Bank v. Arlington Heights Federal Savings & Loan Association* (1967), 37 Ill.2d 546, 551, 229 N.E.2d 514.) In *Coursey*, a complaint alleging libel was held sufficient which averred that the defendant's "* * * 'intending to injure the plaintiff's good name and to injure him in his livelihood, with knowledge that it was false and with reckless disregard to whether it was false or not, maliciously * * * published * * * an article containing false, scandalous and malicious libels concerning the Plaintiff." 40 Ill.2d 257, 266.

■■ It is our opinion that the complaint in the instant case sets forth sufficient facts from which actual malice may reasonably be said to exist. Paragraph 1 of the complaint states that the plaintiff "was a person of good repute and credit * * * and had been a police officer of the City of Chicago with 34 years honorable service." Paragraph 4 states that the "defendants, well knowing the facts set forth in Paragraph 1 hereof, but maliciously intending to injure plaintiff and to bring him into public scandal, disrepute and disgrace * * * falsely and maliciously published concerning the plaintiff false, scandalous, malicious and defamatory words * * *." It is reasonable to infer from these allegations that the defendant, well knowing that the plaintiff had a record of 34 years of service with the Police Department, made certain statements that accused the plaintiff of dishonorable and criminal conduct, that he knew to be false or with reckless disregard as to whether they were false or not.

The plaintiff next contends that the trial judge was in error when he granted defendants' motion for summary judgment, holding that the plaintiff had failed to plead or prove special damages. It is clear from a reading of the record that this was the issue upon which the motion for summary judgment was granted. During the course of the hearing the trial judge stated: "There is only one issue that I can see, and that is, if resolved in your favor, you would be able to get to the jury. That is, under these circumstances, must the plaintiff present proof of special damages in order to recover?" After a full hearing on this issue the defendants were awarded judgment.

In this appeal the plaintiff argues that he is not required to plead or

prove special damages because the defendant's language was defamatory per se. The defendants contend that the trial judge was correct in granting them summary judgment based on the plaintiff's failure to plead special damages and contends this position is supported by the Illinois case law.

■■ It is well settled in Illinois that there are certain classes of words that are actionable per se, that is, without a showing of special damages. (*Bontkowski v. Chicago Sun-Times* (1969), 115 Ill.App.2d 229, 252 N.E.2d 689.) Two of these categories of words that are actionable per se are words imputing the commission of a criminal offense, and words prejudicing a particular party in his profession or trade. (*Whitby v. Associates Discount Corp.* (1965), 59 Ill.App.2d 337, 207 N.E.2d 482.) The alleged defamation uttered by Woods in this case certainly could fall into the first category, as words imputing a crime, and may also fall into the second category set out above.

However, the defendant argues that special damages must still be shown here by the plaintiff in view of the decisions in two recent Illinois cases. In *Lundstrom v. Winnebago Newspapers, Inc.* (1965), 58 Ill. App.2d 33, 206 N.E.2d 525, a public official, the mayor of Rockford, Illinois, was allegedly libeled by a newspaper story. In that opinion the court stated: "In view of the rule announced in *New York Times Co. v. Sullivan*, supra, the complaint does not state a good cause of action unless it alleges actual malice *and consequent special damages*." (58 Ill. App.2d 33, 36.) (Emphasis added.)

In the second case, *Suchomel v. Suburban Life Newspapers, Inc.* (1967), 84 Ill.App.2d 239, 228 N.E.2d 172,[1] also involving the alleged defamation of a public official, the court stated: "Since we have found that the defendants' article is privileged under the holding of New York Times Co. v. Sullivan, supra, and is accordingly not libelous, per se, plaintiff was required to plead and prove special damages. Lundstrom v. Winnebago Newspapers, Inc. * * *." (84 Ill.App.2d 239, 246.) The defendant contends that these cases support the trial judge's award of judgment to the defendants for plaintiff's failure to show special damages even though the alleged defamation would fall into one of the categories of words actionable per se. However, we disagree with the two Illinois cases that interpret the *New York Times* case to mean that a public official who is the victim of defamation per se must show special damages, as in the cases of defamation per quod.

In *New York Times Co. v. Sullivan*, the Times was sued for pub-

---

[1] This case was affirmed at 40 Ill.2d 32 without mention of the dictum contained in the appellate opinion that the defendants contend is supportive of their position.

lishing a newspaper advertisement, paid for by certain civil rights groups, that accused certain Alabama police officials of committing acts of brutality. The police commissioner brought the suit alleging he was defamed. The State court found the advertisement to be libel per se and that the plaintiff did not have to prove special damages or malice in order to recover. The Alabama Supreme Court affirmed the jury verdict of $500,000, and the United States Supreme Court granted certiorari. After recounting the facts and history of the case, the court considered one issue: "The question before us is whether this rule of liability, as applied to an action brought by a public official against critics of his official conduct, abridges the freedom of speech and of the press that is guaranteed by the First and Fourteenth Amendments." (376 U.S. 254, 268.) The major portion of the lengthy opinion discusses why Alabama law that would allow a public official to recover in a defamation action without a showing that the defamation was made with malice, would enable such easy recovery from citizens and the press who criticize officials in the performance of their public duty that the guarantees of the first amendment would be compromised. After pointing out that the purpose of the first amendment is to encourage the free discussion of governmental matters, the court concluded by holding:

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." 376 U.S. 254, 279-80.

The essence of their decision is further described at pages 283-84:

"We hold today that the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct. Since this is such an action, the rule requiring proof of actual malice is applicable. While Alabama law apparently requires proof of actual malice for an award of punitive damages, where general damages are concerned malice is 'presumed.' Such a presumption is inconsistent with the federal rule."

■■ Nowhere in the *New York Times* opinion does the court require the plaintiff-public official to plead and prove special damages in a libel per se action; it does require him to plead and prove actual malice when he alleges he has been defamed by critics of his official conduct. A close reading of the *New York Times* opinion indicates that it is the presumption of *malice* which violates the Federal rule announced there, not the presumption of *damages*. For this reason we disagree with the Illinois

cases that seem to hold that the *New York Times* case requires a public official to plead and prove special damages when he is the victim of libel per se.

Cases from other jurisdictions that have considered this problem have also reached conclusions that are inconsistent with the *Lundstrom* and *Suchomel* cases. In *Goldwater v. Ginzburg* (S.D.N.Y. 1966), 261 F.Supp. 784, *aff'd* (2d Cir. 1969), 414 F.2d 324, *cert. denied* (1970), 396 U.S. 1049, a defamation case, the defendants argued that since the *New York Times* case, a public official can no longer maintain a cause of action for libel per se but must plead and prove special damages. The Federal court held that New York law was to the contrary and cited *Raffa v. Shilbury* (1965), 24 App.Div.2d 814, 263 N.Y.S.2d 876. In *Raffa* the defendant contended he was entitled to summary judgment because (1) the plaintiff had inadequately pleaded defamation per quod by his failure to plead special damages, and (2) that because plaintiff was a public official he could not plead libel per se. The court disagreed holding first, that the remarks were disparaging per se and therefore did not require pleading of special damages, and second, that the complaint alleged the defamatory statement was made with malice and therefore presented an issue for the jury. In *Fox v. Kahn* (1966), 421 Pa. 563, 221 A.2d 181, the court allowed an action for defamation per se, without proof of special damages even though it recognized that the *New York Times* rule applied because the plaintiff was a district attorney. This case recognized that a public official within the meaning of *New York Times* can still be defamed per se and does not have to plead or prove special damages to maintain the action.

■■■ The final issue in this case is whether the summary judgment granted to the defendants by the trial court is proper in view of the pleadings and affidavits that are contained in the record. Summary judgment should be granted if upon examination of the record it can be fairly said that no triable issue of fact exists. (*James F. Goodwin, Inc. v. George W. Bowers Co.* (1960), 24 Ill.App.2d 158, 164 N.E.2d 278.) Further, an affidavit in support of a motion for summary judgment will be strictly construed and should leave no question as to the movant's right to judgment, whereas the opposing party's affidavit deserves a liberal construction. *Kern v. Chicago & Eastern Illinois RR. Co.* (1963), 44 Ill.App.2d 468, 195 N.E.2d 197.

■■ In support of the contention that there was no triable issue of fact in this case, defendant Woods points to his testimony where he stated the following: that he never read the summary of the Police Department's investigation; that he was never apprised of its contents before making the complained of statements; and that at the time he made

said statements he believed them to be true. Defendant then concludes that his credibility in testifying to his lack of actual malice is the only basis for concluding that there is a triable issue of fact. Defendant Woods further cites cases for the proposition that the mere hope of questioning the credibility of defense witnesses is not sufficient to resist summary judgment. (See *Cerrito v. Time, Inc.* (N.D. Cal. 1969) 302 F.Supp. 1071, *aff'd* (9th Cir. 1971), 449 F.2d 306; *Goldman v. Time, Inc.* (N.D. Cal. 1971), 336 F.Supp. 133; *Hurley v. Northwest Publications, Inc.* (D. Minn. 1967), 273 F.Supp. 967, *aff'd* (8th Cir. 1968), 398 F.2d 346.) The above-cited cases, however, are clearly distinguishable from the case at bar. In each of the three cases relied on by defendants, there was no evidence whatsoever to support a finding of actual malice. Indeed, in *Cerrito, Goldman* and *Hurley*, plaintiffs offered only the mere hope of questioning the credibility of defendants' witnesses. In the case at bar, however, plaintiff Weber offered evidence that Woods had received, initialed and filed a summary of a Police Department investigation which concluded that there was not sufficient evidence to sustain the allegations against the plaintiff. It is our conclusion that such evidence created a triable issue of fact and that the trial court erred in granting summary judgment in favor of defendant Woods.

Concerning the issue of whether or not there was a triable issue of fact, defendant ABC argues that regardless of the disposition of the case as to defendant Woods, summary judgment should have been granted in favor of ABC. ABC contends that plaintiff has not argued in his main brief or reply brief that ABC can be held guilty of actual malice under *New York Times Co. v. Sullivan* and its progeny cases. Defendant ABC further points out that Woods was merely a participant in a television talk show and was in no sense an agent or employee of ABC.

■■■ It is our conclusion that the above contentions of ABC are well founded and that the trial court's decision granting summary judgment as to said defendant should be affirmed. In both plaintiff's brief and reply brief no reasons are given to support the contention that the trial court erred in granting sumary judgment in favor of defendant ABC. Indeed, in defense of defendant ABC's motion for summary judgment, plaintiff responded with mere allegations that ABC falsely and maliciously published words defamatory toward plaintiff. It is well settled that "the bare allegation of malice, standing alone is not sufficient to withstand a motion for summary judgment." (*LaBruzzo v. Associated Press* (W.D. Mo. 1973), 353 F.Supp. 979, 985.) Furthermore, investigatory failures alone are not sufficient to establish reckless disregard. *Curtis Publishing Co. v. Butts* (1967), 388 U.S. 130, 153.

■■ It is true that the trial court granted summary judgment because

he mistakenly believed that plaintiff needed to prove special damages. However, as stated in *McKown v. McDonnell* (1961), 31 Ill.App.2d 190, 175 N.E.2d 534 (abstract opinion):

> "This court, as a reviewing court, is not bound by the precise reasons given by the trial court in entering summary judgment. *National Gas & Oil Co. v. Rizer*, 20 Ill.App.2d 332, 336. The whole record must be considered. *Gliwa v. Washington Polish Loan and Building Ass'n.*, 310 Ill.App. 465, 471."

■■ In the case at bar, plaintiff has offered absolutely no evidence supporting the contention that ABC falsely and maliciously published words defamatory towards plaintiff. There is no triable issue of fact on the above point, and it is therefore our decision that the trial court properly entered summary judgment in favor of defendant ABC.

For the reasons stated above, the trial court's order granting summary judgment in favor of defendants ABC and Woods will be affirmed as to defendant ABC and reversed as to defendant Woods. As to defendant Woods, the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Order affirmed in part, reversed in part, and the cause is remanded.

DEMPSEY and MEJDA, JJ., concur.