**BIGGS v. WARD.**
**No. 11043.**

United States Court of Appeals
Seventh Circuit.
April 30, 1954.

Rehearing Denied May 21, 1954.

Eusebius J. Biggs, Chicago, Ill., for appellant.

Mural J. Winstin, John J. Mortimer, Charles P. Horan, L. Louis Karton, Chicago, Ill., Arthur Magid, Asst. Corp. Counsel, Chicago, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

PER CURIAM.

Plaintiff brought suit in the District Court seeking (1) to compel the defendant, a Judge of the Superior Court of Cook County, Illinois, to assign a certain

cause instituted by plaintiff in the Superior Court against the City of Chicago to a judge "not elected in Cook County", (2) to enjoin defendant from entering any orders in the State Court cause other than to assign the suit as aforesaid and (3) to have expunged any and all orders entered by defendant in that proceeding. Defendant moved to dismiss the complaint for the reasons that the court was without jurisdiction of the subject matter and that the complaint failed to state a claim upon which relief could be granted. Upon appeal, plaintiff urges that the trial court erred in sustaining the motion.

Plaintiff averred that the City of Chicago had violated the Fourteenth Amendment in its ordinances providing that master-plumbers' licenses shall issue only upon application blanks supplied for that purpose; that plaintiff's application has been arbitrarily denied and that he is, therefore, being denied his constitutional rights; that defendant, to whom plaintiff's state suit had been referred for assignment, is working with and for the local journeyman plumbers union to help and promote the monopolistic ordinances by his own illegal acts and, in pursuance of such aid, has wrongfully refused to assign the State Court cause to another judge; that plaintiff has thereby been deprived of his earnings; that the United States District Court is the only court that can stop the defendant from continuing illegally to aid those who keep the monopoly in force; that such monopoly interferes with interstate commerce and is a restraint of trade prohibited by federal statute, violation of which has resulted in a loss of $800,000 to plaintiff. The complaint not only prayed a mandatory injunction to compel defendant to enter certain orders and to refrain from certain action but also asked an accounting for plaintiff's alleged damages. The complaint contains various other averments, but these are essentially the allegations upon which plaintiff relied for relief.

■ We think there can be no question that plaintiff failed to state a cause of action. There is no diversity of citizenship and to sustain plaintiff's claim we must rely entirely upon his averment that the action complained of violates his rights under the Fourteenth Amendment and the further averment of violation of the Antitrust Acts, 15 U.S.C.A. § 1 et seq. However, nothing appears in the way of factual declaration which shows that interstate commerce was actually affected except by the conclusion of plaintiff. The matters of which complaint was made were entirely local in character and there is no averment that interstate commerce is restrained, interfered with or otherwise adversely affected. Consequently no sufficient cause of action was stated under the Antitrust Acts. Blumenstock Bros. Advertising Agency v. Curtis Publishing Co., 252 U.S. 436, 40 S.Ct. 385, 64 L.Ed. 649; Albrecht v. Kinsella, 7 Cir., 119 F.2d 1003; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311; Ewing-Von Allmen Dairy Co. v. C and C Ice Cream Co., 6 Cir., 109 F.2d 898.

■ Nor is there anything in the complaint that amounts to a good cause of action for deprivation of plaintiff's rights. If he is dissatisfied with the rulings made by the state judge and thinks they are erroneous, plaintiff must pursue his remedies by way of appeal or otherwise in the courts of the State of Illinois. Even if we assume that defendant's judgment was wrong, the District Court was powerless to act. Lack of due process is not established by showing that a decision is erroneous, for such an error may be corrected in the courts of the state. To rectify the same lies in no way within the power of the courts of the United States. Campo v. Niemeyer, 7 Cir., 182 F.2d 115; Shemaitis v. Reid, 7 Cir., 193 F.2d 119. It is clear, then, the District Court lacked jurisdiction of the subject matter for the reason that no good cause of action was stated either under the Antitrust Acts or as a claim for violation of constitutional rights.

Furthermore the court was without jurisdiction for the further reason that in its essence, plaintiff's suit asked the District Court for a writ of mandamus to compel action by defendant. Though he did not term the relief sought as mandamus but asked an injunction, the writ prayed was mandatory in character. If the relief prayed had been granted it would have resulted in an order of the District Court commanding defendant to do as plaintiff wished. This, in its essence, is a petition for writ of mandamus, which is not within the District Court's jurisdiction. Covington & C Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Marshall v. Crotty, 1 Cir., 185 F.2d 622; Revised Judicial Code, 28 U.S.C. § 1331.

Petitioner moves to strike the brief of defendant for the reason that it bears not only the signature of defendant's personal counsel but also that of the Corporation Counsel of the City of Chicago. Nothing set forth in the motion would justify the action requested. Defendant has a right to ask any qualified attorney to appear as his counsel. The mere fact that some of the counsel on the brief appear to represent the City of Chicago also is wholly without significance in any respect.

We have extended this memorandum beyond the ordinary requirements and ignored the slurring reflections cast upon judges and lawyers and well-nigh contemptuous remarks embraced in plaintiff's briefs and motions in this court, for the reason that plaintiff is a layman, unacquainted with court procedure or the proprieties of legal practice. We attribute his conduct to ignorance in these respects. Otherwise we would, of our own motion, strike his motions and briefs from the files of this court. We add this comment as an admonition to plaintiff. Perhaps it will deter him from a repetition of such acts.

The motion to strike appellee's brief is denied. The judgment is

Affirmed.