Jona GOLDSCHMIDT,
Plaintiff-Appellant,

v.

Randy PATCHETT, et al.,
Defendants-Appellees.

No. 81–2878.

United States Court of Appeals,
Seventh Circuit.

Argued May 7, 1982.

Decided Aug. 16, 1982.

Jona Goldschmidt, Carbondale, Ill., pro se.

Bryan McGary, Mitchell & Armstrong Ltd., Marion, Ill., for defendants-appellees.

Before SWYGERT, Senior Circuit Judge, COFFEY, Circuit Judge, and TEMPLAR,* Senior District Judge.

TEMPLAR, Senior District Judge.

Jona Goldschmidt, the plaintiff-appellant, received a letter, dated May 7, 1981, from defendant Randy Patchett, the state's attorney for Williamson County, Illinois, advising plaintiff that his newspaper advertisement appeared to violate Section 1301, Chapter 40, Illinois Revised Statutes.[1] That section prohibits advertising for dissolution of marriage and makes such an act a misdemeanor. The letter further stated that the matter had been brought to the prosecutor's attention and that he felt he should inform the plaintiff of the law, a copy of which was enclosed.

Four days later, on May 11, 1981, the plaintiff filed suit in the District Court for the Southern District of Illinois against defendant Patchett and an undetermined number of John Doe defendants. The complaint alleged a violation of Goldschmidt's First Amendment rights under 42 U.S.C. § 1983, a conspiracy to violate those rights under 42 U.S.C. § 1985, a violation of the Sherman Antitrust Act, and a pendent state law claim for defamation. He sought a temporary order, preliminary and permanent injunctions, and money damages from each of the defendants both individually and in their official capacities.

The plaintiff, an Illinois attorney, alleged that he had published an advertisement in a newspaper, the *Southern Illinoisan* which read as follows:

> DIVORCES, from $150.00 plus Court costs. General, civil and criminal trial practice. Jona Goldschmidt, attorney, 549–3550.

The complaint further alleged that defendant Patchett and the John Doe defendants conspired together maliciously, in bad faith, and in reckless disregard for settled constitutional law, to threaten the plaintiff with prosecution for publishing the above advertisement. The complaint also alleged that Patchett had threatened to prosecute the *Southern Illinoisan*, that the threat had a chilling effect on the plaintiff's right to free speech, and that prosecuting the plaintiff and the newspaper would cause personal injury and monetary damages.

Patchett filed a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P. The trial court subsequently dismissed with prejudice the civil rights claim made under Sections 1983 and 1985. The antitrust and defamation claims were dismissed without prejudice.

Much of the plaintiff's appeal has become moot because the Illinois legislature has since repealed the statute in question. Public Act 82–566 (1982). Thus, we consider only the claims for monetary damages. We do not consider whether the trial court was correct in denying the temporary restraining order and the preliminary and permanent injunctions since plaintiff has abandoned these claims. Furthermore, the plaintiff, on page 15 of his brief, states that he does not dispute the dismissal of his Section 1985 claim, so we consider only the antitrust, the Section 1983, and defamation claims.

■ The plaintiff contends that the actions of the defendants constitute an illegal restraint of trade in violation of the Sherman Antitrust Act. We note that the plaintiff has continued to advertise his services despite the alleged restraint of trade. Furthermore, the plaintiff has not alleged any nexus between the defendants' actions

---

* The Honorable George Templar, Senior District Judge of the United States District Court for the District of Kansas, sitting by designation.

1. Section 1301 reads as follows:

   Whoever advertises, prints, publishes, distributes or circulates, or causes to be advertised, printed, published, distributed, or circulated, any circular, pamphlet, card, hand-bill, advertisement, printed paper, book, newspaper, or notice of any kind, with intent to procure, or to aid in procuring any dissolution of marriage, either in this state or elsewhere, shall be guilty of a Class A misdemeanor. This act shall not apply to the printing or publishing of any notice, or advertisement required or authorized by any statute of the State of Illinois.

and interstate commerce. The court thus lacked jurisdiction, and dismissal without prejudice was proper. *Biggs v. Ward*, 212 F.2d 209, 210 (7th Cir. 1954).

██ The plaintiff also argues that the trial court erred in dismissing his Section 1983 claim against both defendant Patchett and the John Doe defendants. The law is clear that a prosecuting attorney is immune from a civil rights suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 423, 96 S.Ct. 984, 991, 47 L.Ed.2d 128 (1976). The plaintiff argues that this immunity does not apply to investigations by the prosecutor. *See, Hampton v. City of Chicago*, 484 F.2d 602, 608–609 (7th Cir. 1973). The prosecutor's actions herein were not investigative and were not the sort of activity which could be performed by a layman with the same effectiveness that a letter from the prosecutor's office would accomplish. Thus, the prosecutor in exercising this quasi-judicial function is immune from civil rights liability for damages. The immunity of the prosecutor does not extend to those persons who conspire with him to violate the civil rights of others. *See, Dennis v. Sparks*, 449 U.S. 24, 28–29, 101 S.Ct. 183, 186–187, 66 L.Ed.2d 185 (1980). Furthermore, the conspiracy with a state official and the use of the state official's office provides the state action element of a Section 1983 cause of action. *Adickes v. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1972); *Lesser v. Braniff Airways, Inc.*, 518 F.2d 538, 540 (7th Cir. 1975). Section 1983 does not, however, punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises. *Id.* In *Reichenberger v. Pritchard*, 660 F.2d 280 (7th Cir. 1981), we rejected the argument that Section 1983 reached an existing threat of deprivation of free speech. 660 F.2d at 284. The prosecutor's action here can be characterized at most as a warning or a

threat; the plaintiff continued his advertising. We also observed in *Reichenberger* that the mere possibility of remote or speculative future injury or invasion of rights will not suffice to state a Section 1983 cause of action. 660 F.2d at 285. Not even the possibility of future injury exists here because the offending statute has been repealed. Furthermore, a conspiracy requires factual allegations showing a meeting of minds. The conclusory allegations herein are insufficient. *See, Sparkman v. McFarlin*, 601 F.2d 261, 268 (7th Cir. 1979) (en banc).

██ The dismissal of the pendent state law claim for defamation must be sustained as well. Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), if all the federal claims are dismissed, the pendent state claims should be dismissed as well. We do not believe that the trial judge abused his discretion in dismissing this claim without prejudice. *See, Rosado v. Wyman*, 397 U.S. 397, 404, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970). Furthermore, the defamation claim is defective both as to allegations of damages and publication. *Cf., Weber v. Woods*, 31 Ill.App.3d 122, 334 N.E.2d 857, 861 (1975).

We find no reversible error in the rulings of the district court, and they are therefore AFFIRMED.

SWYGERT, Senior Circuit Judge, concurring.

I concur in the majority's holding that dismissal was proper because the complaint failed to allege any injury flowing from a constitutional deprivation.[1] I write separately to indicate my disagreement with the majority's statement that "[t]he law is clear that a prosecuting attorney is immune from a civil rights suit for damages."

---

**1.** In his complaint, plaintiff fails to allege any present injury flowing from the claimed First Amendment violation. He stated that he would be harmed if defendant carried out his threat to prosecute plaintiff, but "[t]he mere possibility of remote or speculative future injury or invasion of rights will not suffice" to state a claim under section 1983. *Reichenberger v. Pritchard*, 660 F.2d 280, 285 (7th Cir. 1981). Apparently defendant's letter did not have any chilling effect on plaintiff because plaintiff continued to advertise his services in the *Southern Illinoisan*.

The majority cites *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), in support of its conclusion, but their reliance on that case is misplaced. As we stated in *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979), "[t]he Supreme Court in *Imbler* did not hold that all official actions of a state prosecutor are absolutely immune from section 1983 liability. *Imbler* held only that a prosecutor has absolute immunity 'in initiating a prosecution and in prosecuting the State's case.'" *Id.* at 631 (quoting *Imbler, supra*, 424 U.S. at 431, 96 S.Ct. at 995).[2] *Accord, Briggs v. Goodwin*, 569 F.2d 10, 19–20 (D.C.Cir.1977). Decisions in this and other circuits have established that prosecutors are entitled to only qualified immunity when performing investigatory or administrative functions. *Hampton v. City of Chicago*, 484 F.2d 602, 608–09 (7th Cir. 1973); *Briggs, supra*, 569 F.2d at 20; *Dellums v. Powell*, 660 F.2d 802, 805 (D.C. Cir.1981); *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981); *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir. 1981). When a prosecutor's activities are not connected with his role as an advocate for the Government, the reasons for extending absolute immunity are absent.

In determining whether the prosecutor's acts are quasi-judicial as opposed to investigative or administrative, we are required to apply a functional analysis. *Taylor v. Kavanagh, supra*, 640 F.2d at 452; *Ross v. Meagan, supra*, 638 F.2d at 648. "The crucial inquiry concerns the nature of the official behavior challenged, not the identity or title of the officer responsible therefore." *Briggs v. Goodwin, supra*, 569 F.2d at 21.

Applying this analysis to the case at bar, I do not believe that defendant would be entitled to absolute immunity. If defendant believed that plaintiff had violated state law, he could have initiated a prosecution of plaintiff. A prosecutor's decision to prosecute or not is protected by absolute immunity. The letter sent by defendant here was not connected with his decision to charge plaintiff with a violation of state law. Defendant stated to the trial judge that "the obvious purpose of the letter was to prevent any surprise on the part of [plaintiff] if subsequent complaints were sworn out and [defendant] in his official capacity felt they should be prosecuted," and that defendant "reserves the right to initiate criminal action on appropriate and specific facts or conduct in the exercise of his official capacity." The actual purpose of the prosecutor's not-so-veiled threat was obviously to intimidate plaintiff to stop advertising his services, although it did not have that effect. *See* n.1 *supra.* Threatening to prosecute someone cannot be characterized as "quasi-judicial" conduct. I therefore believe that the majority overstated the scope of the immunity available to the prosecutor in this case.

---

**2.** The Supreme Court in *Imbler* emphasized that absolute immunity was required when a prosecutor's actions were "intimately associated with the judicial phase of the criminal process." *Imbler, supra*, 424 U.S. at 430, 96 S.Ct. at 995. The Court expressly declined to overrule decisions in several circuits holding that a prosecutor was entitled to only qualified immunity when he engages in administrative or investigative activities. *Id.*