851 F.Supp. 345 (1993)
UNITED STATES of America ex rel., Todd VERDONE pro per, Plaintiff,
v.
CIRCUIT COURT FOR TAYLOR COUNTY: Gary L. Carlson, Judge for Taylor County, Ronald Keberle, Reserve Judge for Carlson, Shawn Mutter, District Attorney, William Grunewald, Court Commissioner, Yvonne Bauer, Clerk of Circuit Court, Rose Thums, Deputy Clerk, Toni Mattias, Deputy Clerk, Margaret Gebauer, Deputy Clerk, Taylor County Sheriff Department: William Breneman, Sheriff, Norm Dassow, Detective for T.C.S.D., Nicholas R. Synol, Deputy Sheriff, Michael Johnson, Deputy Sheriff, David Kahn, Sgt. Deputy Sheriff, James Gorichs, Sgt. Deputy Sheriff, Michael Soto, Jailer, Medford City Police Department: Jack Kay, Chief of Police, Dan Olsen, Medford City Police Officer, Ted Bever, Medford City Police Officer, Gary Kreuger, Medford City Police Officer, Wisconsin Department of Transportation, Division of Motor Vehicles: Roger D. Cross, Administrator, Wisconsin State Patrol: Marsha Whiley, Captain, Roger Herrell, Wisconsin State Patrol,
and All Other Unnamed and/or Unknown Persons 1-500,[1] Defendants.
No. 93-C-421-C.
United States District Court, W.D. Wisconsin.
December 29, 1993.
*346 *347 Todd Verdone, pro se.
*348 James H. McDermott, Asst. Atty. Gen., Madison, WI, for Circuit Court for Taylor County, Gary L. Carlson, Ronald Keberle.
Jeffrey J. Strande, Wausau, WI, for William Grunewald, Yvonne Bauer, Rose Thums, Toni Mattias, Margaret Gebauer, Taylor County Sheriff Dept., William Breneman, Norm Dassow, Nicholas R. Synol, Michael Johnson, David Kahn, James Gorichs, Michael Soto.
Mary Batt, Asst. Atty. Gen., Madison, WI, for Shawn Mutter, Wisconsin Dept. of Transp., Roger D. Cross, Wisconsin State Patrol, Marsha Whiley, Roger Herrell.
Raymond G. Clausen, Stilp and Wells, Madison, WI, for Medford City Police Dept., Jack Kay, Dan Olsen, Ted Bever, Gary Kreuger.

OPINION and ORDER
CRABB, Chief Judge.
This is a civil action for monetary and injunctive relief. Although the allegations in plaintiff's complaint are difficult to follow, it appears that plaintiff seeks to challenge under 42 U.S.C. § 1983 a series of traffic court citations and convictions he has received. Apparently, plaintiff contends that these incidents comprised violations of his federal constitutional rights under the due process clause and his right to travel.[2] Plaintiff alleges also that he is entitled to triple damages because defendants engaged in a pattern of racketeering activity; I have construed this allegation as a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68. In addition, plaintiff alleges that defendants committed a variety of criminal offenses as well as a number of state law torts and that defendant Herrell searched his automobile in violation of the Fourth Amendment.
Now before the court are defendants' motions to dismiss. I conclude that plaintiff has failed to state a claim that defendants (1) violated his rights to travel and to due process and (2) conspired to violate these rights. I conclude also that he failed to allege essential elements of his RICO claim and that he has no civil cause of action for the criminal law violations he alleges. In addition, plaintiff's state law tort claims will be dismissed. However, I will deny defendant Herrell's motion to dismiss the Fourth Amendment claim because I cannot discern from the present record whether the search he conducted of plaintiff's car was constitutional.
In considering a motion to dismiss, the court must accept as true the facts alleged in the complaint, and all reasonable inferences drawn therefrom. Hishon v. King & Spalding, 467 U.S. 69, 72, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); Rankow v. First Chicago Corp., 870 F.2d 356, 357 n. 1 (7th Cir.1989). A complaint is subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The complaint must set forth factual allegations sufficient to establish the elements that are crucial to recovery under plaintiff's claim. Sutliff, Inc. v. Donovan Cos., 727 F.2d 648, 654 (7th Cir.1984).
For the purpose of deciding the motion to dismiss only, I find the following facts.

FACTS
Plaintiff Todd Verdone is a truck driver residing in the state of Wisconsin. Defendants Gary L. Carlson and Ronald Keberle are Taylor County circuit court judges. Defendant William Grunewald is the Taylor County circuit court commissioner. Defendant Yvonne Bauer is the court clerk, and defendants Rose Thums, Toni Mattias, and Margaret Gebauer are deputy clerks. Defendant William Breneman is Taylor County sheriff. Defendant Norm Dassow is a detective in the sheriff's department. Defendants Nicholas Synol, Michael Johnson, David Kahn, and James Gorichs are deputy sheriffs. Defendant Michael Soto is the Taylor County jailer.
*349 Defendant Jack Kay is the Chief of Police for the Medford City Police Department and defendants Dan Olsen, Ted Bever, and Gary Kreuger are Medford City police officers. Roger D. Cross is an administrator of the Division of Motor Vehicles of the Wisconsin Department of Transportation. Defendant Marsha Whiley is the captain of the Wisconsin State Patrol and defendant Roger Herrell is a member of the patrol. The Taylor County circuit court, the Taylor County Sheriff Department, the Medford City Police Department, the Division of Motor Vehicles of the Department of Transportation, and the Wisconsin State Patrol are also defendants.
On May 1, 1992, defendant Johnson issued a citation to plaintiff for driving without wearing a safety belt. Defendant Johnson called defendant Olsen to the scene for assistance. Defendant Olsen exceeded the limits of his jurisdiction by assisting defendant Johnson.
Plaintiff appeared before defendant Carlson in a court proceeding concerning the citation. Plaintiff informed defendant Carlson that the citation was unconstitutional. A trial date was set, but plaintiff did not appear. Defendant Carlson ordered plaintiff to pay a $10 forfeiture or risk suspension of his driver's license. Plaintiff paid the fine, which was accepted by defendants Bauer and Gebauer.
On August 18, 1992, defendant Synol issued a traffic citation charging plaintiff with driving an unregistered vehicle and instructing him to pay a fine or appear in court on September 15, 1992. On September 15, 1992, defendant Carlson entered a default judgment against plaintiff in the amount of $69.00. Plaintiff had until October 7, 1992, to pay the judgment or have his license suspended for up to five years. Defendant Carlson ordered defendant Bauer to inform plaintiff of the judgment against him. On October 8, 1992, defendant Carlson ordered plaintiff to attend a hearing on October 26, 1992 in order to determine whether plaintiff should be held in contempt of court for non-payment of the fine. On October 26, 1992, defendant Carlson found plaintiff in contempt and ordered his arrest. Defendant Bever arrested plaintiff and defendant Soto informed plaintiff that he would be released upon payment of the $69.00 fine. Defendants Bauer, Thums, and Mattias sent a court order mandating the suspension of plaintiff's license to the Division of Motor Vehicles. Defendant Cross implemented the suspension.
On April 16, 1993, defendant Kahn issued a citation to plaintiff charging him with operating a motor vehicle while his license was suspended. Defendant Breneman assisted defendant Kahn in issuing the citation. Defendant Synol issued a citation to plaintiff on the same ground on April 18, 1993. Defendants Kreuger and Synol arrested plaintiff for this offense. Defendant Carlson fined plaintiff $93.00 for each infraction. Defendant court clerks were instructed to inform plaintiff of the judgment.
On April 25, 1993, plaintiff was issued yet another citation for driving while his license was suspended. This citation was issued by defendant Gorichs. Plaintiff appeared before defendant Keberle and challenged the court's subject matter jurisdiction, citing Wis.Stat. ch. 194. Defendant Keberle did not agree that the court lacked subject matter jurisdiction over plaintiff's case and set a trial date. On June 7, 1993, defendant Breneman issued plaintiff his fourth citation for driving with a suspended license.
On June 18, 1993, defendant Herrell issued a citation to plaintiff for operating a motor vehicle after his license had been revoked. Defendant Herrell arrested plaintiff in the presence of defendants Dassow, Bever and Mutter. Defendant Herrell then searched plaintiff's car without consent. Plaintiff was taken before defendant Grunewald. Defendant Mutter told defendant Grunewald that the court had subject matter jurisdiction over plaintiff although plaintiff objected strenuously, citing Wis.Stat. ch. 194. Plaintiff was ordered to pay $500.00 cash bond and to sign a signature bond.

OPINION
With one exception to be discussed below, plaintiff's complaint alleges nothing more than that defendants enforced the traffic laws of the state of Wisconsin against him. Plaintiff does not dispute that he committed *350 the traffic infractions with which he was charged other than by contending that the traffic laws do not apply to him because the Motor Vehicle Transportation Act, codified at Wis.Stat. §§ 194.01-194.51, applies only to motor carriers engaged in interstate and foreign commerce upon Wisconsin highways. See Wis.Stat. § 194.03(1). According to the citations issued to plaintiff, however, the charges against him were not brought under the Motor Vehicle Transportation Act but under local ordinances adopting Wis.Stat. §§ 341.04(1), 343.44(1), and 347.48(2m), which apply to all motor vehicle operators.
That plaintiff is subject to Wisconsin's traffic laws does not mean that his right to travel has been violated; the right to travel is not a right to travel in any manner one wants, free of state regulation. Aptheker v. Secretary of State, 378 U.S. 500, 526, 84 S.Ct. 1659, 1674, 12 L.Ed.2d 992 (1964) ("The right to travel is not absolute"). The Constitution does not give plaintiff the right to ignore Wisconsin's traffic laws at his own discretion. See Carroll v. Philadelphia, 1989 WL 114721, at * 2, 1989 U.S. Dist. LEXIS 11652, at *6 (E.D.Pa. Sept. 28, 1989), aff'd, 908 F.2d 961 (3d Cir.1990). Indeed, it is well established that the Constitution permits a state to regulate the operation of motor vehicles on its roads. See, e.g., Bibb v. Navajo Freight Lines, Inc., 359 U.S. 520, 79 S.Ct. 962, 3 L.Ed.2d 1003 (1959); South Carolina State Highway Dep't v. Barnwell Bros., Inc., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734 (1938). Plaintiff has failed to state a claim that defendants have violated his right to travel by virtue of applying traffic ordinances to him. See, e.g., Maxfield v. Corwin, 1987 U.S. Dist. LEXIS 15316, at *7 (W.D.Mich. March 17, 1987) (right to travel does not include right to drive on public highways without a license).
Plaintiff appears also to be contending that any application of the traffic laws to his driving activities constitutes a violation of his due process rights in and of itself. Plaintiff is wrong. His property interest in his driver's license does not constitute a barrier to the enforcement of traffic laws, see Doe v. Edgar, 721 F.2d 619, 624 (7th Cir.1983), and any liberty interest plaintiff may have in a clean driving record does not translate into a federally protected right to an inaccurate driving record. Cf. United States v. Janik, 10 F.3d 470, 471 (7th Cir.1993); Perry v. FBI, 781 F.2d 1294, 1301 (7th Cir.), cert. denied, 479 U.S. 814, 107 S.Ct. 67, 93 L.Ed.2d 25 (1986). The gravamen of plaintiff's complaint is that he believes otherwise. Plaintiff's belief does not convert his traffic tickets into a constitutional violation.
Plaintiff is not entitled to drive on whatever terms he thinks best, but he is entitled to constitutionally adequate procedures whenever a protected property or liberty interest is at stake. See Bell v. Burson, 402 U.S. 535, 539-43, 91 S.Ct. 1586, 1589-91, 29 L.Ed.2d 90 (1971) (finding Georgia confiscation method inadequate to protect property interest in driver's license). I conclude, however, that plaintiff "has received [the] full measure of the process he is due." Perry, 781 F.2d at 1303. The summonses and letters plaintiff has attached to his complaint demonstrate that plaintiff was afforded notice and a hearing upon the issuance of each citation so that he had an opportunity to defend himself before penalties were assessed against him. Because plaintiff was afforded this opportunity, the entry of a default judgment against him did not violate his right to due process. Avco Delta Corp. Canada Ltd. v. United States, 540 F.2d 258, 263 n. 4 (7th Cir.1976), cert. denied, 429 U.S. 1040, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). Plaintiff was permitted to appeal any judgment entered against him in traffic court, see Wis.Stat. §§ 809.01-.26, 809.40-.43, and even had a six month opportunity to reopen any default judgment entered because of his failure to appear in court upon a showing of good cause, see Wis.Stat. § 345.37. Plaintiff may have shunned these opportunities to be heard, perhaps due to his mistaken belief that the Wisconsin courts have "no subject matter jurisdiction" over his use of the roads so long as he refrains from commercial pursuits, but "[t]he fact that [plaintiff] failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 485, 102 S.Ct. 1883, 1899, 72 L.Ed.2d 262 (1982).
*351 In addition to contending that his rights to travel and to due process were violated, plaintiff has brought a claim that defendants conspired to deprive him of these rights.[3] "Section 1983 does not, however, punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises." Goldschmidt v. Patchett, 686 F.2d 582, 585 (7th Cir.1982). Because plaintiff has failed to allege a constitutional violation of his rights to travel and to due process, his claim that defendants conspired to deprive him of these civil rights will be dismissed.
Plaintiff has alleged that when defendant Wisconsin State Patrol officer Herrell arrested him on June 18, 1993, defendant "searched the entire interior of his car without the consent of the plaintiff." Plaintiff contends that this was a violation of his Fourth Amendment right to freedom from unreasonable search and seizure. The Constitution permits police officers to conduct a warrantless search of an automobile upon the arrest of the vehicle's occupant under a variety of circumstances. See, e.g., Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) (search incident to arrest); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) ("automobile exception" to warrant requirement); United States v. McGuire, 957 F.2d 310, 314 (7th Cir.1992) (inventory search). However, plaintiff's allegations are sufficient to withstand a motion to dismiss. There are not enough facts in the record to determine whether defendant Herrell's search was constitutional. Accordingly, I will deny defendant Herrell's motion to dismiss plaintiff's Fourth Amendment claim.[4] The motion to dismiss of defendant Whiley, the captain of the Wisconsin State Patrol, will be granted because plaintiff has not alleged that she was personally involved in the search. The doctrine of respondeat superior, under which a superior may be liable for a subordinate's tortious acts, does not apply to claims under § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453-54, 70 L.Ed.2d 509 (1981). The Wisconsin State Patrol's motion to dismiss will also be granted, on the ground that the Eleventh Amendment bars suit in federal court against a state entity. Brunken v. Lance, 807 F.2d 1325, 1329 (7th Cir.1986). It is unconstitutional to grant relief against a state agency where, as in this case, the state has not waived its immunity and Congress has not abrogated it. Id.
As part of the "Demand for Relief" section of plaintiff's complaint, plaintiff requests that he be awarded triple damages because defendants have engaged in a "PATTERN OF RACKETEERING ACTIVITY." I will construe this request as a claim for relief under RICO, 18 U.S.C. § 1964(c). To state a claim under RICO, plaintiff must allege that defendants committed at least two of the "predicate acts" listed at 18 U.S.C. § 1961. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir.1992); 18 U.S.C. § 1961(5). It is not enough to state, as plaintiff has done, that defendants engaged in, for example, racketeering, kidnapping and extortion. Even our modern, liberal rules of pleading require plaintiffs to set forth the factual grounds for their claims, Sutliff, 727 F.2d at 654; legal conclusions are insufficient. (Although plaintiff may believe that he alleged extortion when he stated in his complaint that he was fined for traffic infractions, it is the law, not plaintiff's beliefs, that determines what facts must be alleged.) Equally fatal to plaintiff's RICO claim is his failure to allege that defendants violated the statute by investing in stocks, acquiring an enterprise, or operating an enterprise through participation in racketeering activity. *352 See 18 U.S.C. § 1962. Plaintiff's RICO claims will be dismissed.
Plaintiff has also alleged violations of a host of criminal laws including racketeering, extortion, blackmail, larceny, and kidnapping. The criminal statutes prohibiting these activities do not provide for either qui tam or ordinary private causes of action. Therefore, plaintiff may not use a civil suit to recover damages for these alleged crimes in his own name or by attempting to sue in the name of the United States.
Other than plaintiff's Fourth Amendment claim against defendant Herrell, the claims remaining in this lawsuit are state law claims for damages. However, plaintiff's damage claim against defendant Herrell must be dismissed for lack of jurisdiction because plaintiff has failed to comply with Wisconsin's notice of claim statute. This statute provides in part that no civil action may be brought against a state employee unless the party bringing the action serves written notice of the claim upon the state Attorney General "within 120 days of the event causing the injury, damage or death giving rise to the civil action." Wis.Stat. § 893.82. Compliance with this section is a condition precedent to maintaining a civil suit for damages against a state employee, and failure to plead that notice was given defeats jurisdiction. Saldivar v. Cadena, 622 F.Supp. 949 (W.D.Wis.1985); Yotvat v. Roth, 95 Wis.2d 357, 290 N.W.2d 524 (Ct.App.1980). Plaintiff has failed to plead that notice was given and his state law claims for damages against defendant Herrell must be dismissed. I decline to exercise supplemental jurisdiction over plaintiff's state law damage claims against the remaining defendants. The adjudication of several state law claims against each of twenty-six defendants would "substantially predominate" over the one remaining federal claim in this case. See 28 U.S.C. § 1367(c)(2).
I turn now to the motion for sanctions under Fed.R.Civ.P. 11 filed by most of the Taylor County defendants. The motion will be granted. Although plaintiff's subjective belief that the traffic laws of the state of Wisconsin do not and cannot apply to him may be sincere, sanctions are warranted under Rule 11 when a litigant's "mental state [is not] based upon reasonable inquiry, objectively analyzed, into the basis for the facts alleged and into the law." Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Sales, 9 F.3d 1263, 1270 (7th Cir.1993). There is no merit to plaintiff's claims that the Wisconsin Motor Vehicle Transportation Act and the federal Constitution afford him the right to flout the traffic code with impunity. In addition, the barrage of bombastic and groundless "demands" and other documents plaintiff has sent to the court during the pendency of this lawsuit has absorbed an undue amount of the court's time and attention.
The leeway afforded to pro se plaintiffs does not shield them from Rule 11 sanctions. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), cert. denied, 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 780 (1991). Plaintiff is a frequent filer in this district. He was warned explicitly about sanctions in another case shortly before he filed this lawsuit. See United States ex rel. Verdone v. Taylor County Co-op Credit Union, No. 92-C-846-C (W.D.Wis. May 1993). In light of the total lack of merit of the bulk of plaintiff's claims and his repeated misuse of the courts, it is appropriate to require plaintiff to reimburse all defendants with the exception of defendant Herrell the full amount of their reasonable attorneys' fees and expenses incurred in defending this groundless action.

ORDER
IT IS ORDERED that
1) plaintiff's claims against the unnamed or unknown defendants 1-500 are DISMISSED;
2) the motions to dismiss of defendants Circuit Court for Taylor County, Carlson, Grunewald, Keberle, Mutter, Bauer, Thums, Mattias, Gebauer, Taylor County Sheriff Department, Breneman, Dassow, Synol, Johnson, Kahn, Gorichs, Soto, Medford City Police Department, Kay, Olsen, Bever, Kreuger, Wisconsin Department of Transportation, Division of Motor Vehicles, Cross, Wisconsin *353 State Patrol, and Whiley are GRANTED;
3) defendant Herrell's motion to dismiss is DENIED with respect to plaintiff's claim that defendant Herrell violated plaintiff's Fourth Amendment rights and GRANTED with respect to all other claims;
4) plaintiff is to pay to all defendants except defendant Herrell the costs incurred in defending this lawsuit as well as reasonable attorneys' fees pursuant to Fed.R.Civ.P. 11;
5) a decision will be reserved on the imposition of Rule 11 sanctions with respect to plaintiff's claims against defendant Herrell;
6) defendants may have until January 7, 1994 to serve and file an itemized accounting of the reasonable fees and expenses incurred by them or by their employer in defending this action; and plaintiff may have until January 21, 1994 to serve and file his objections to the amounts requested by defendants.
NOTES
[1] These parties have not been named or properly served and will be dismissed from this action.
[2] The constitutional source of the right to travel has not been identified definitively. See Lutz v. City of York, 899 F.2d 255, 260-68 (3d Cir.1990) (discussing various possible sources).
[3] If plaintiff is attempting to bring a claim of conspiracy under § 1985(3), that claim would fail because plaintiff has failed to allege that defendants were motivated by racial or other class-based animus. See Bray v. Alexandria Women's Health Clinic, ___ U.S. ___, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993).
[4] As far as I can tell, plaintiff has not alleged a conspiracy to violate his Fourth Amendment rights. Even if he did, the claim would fail. To support a claim of conspiracy, plaintiff must allege some sort of "concerted effort or plan." Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir.1985). Plaintiff's allegations do not support an inference that the search was anything more than a unilateral action taken by defendant Herrell.