R & V PINE TREE, INC., d/b/a The
Pines Restaurant/The Oak Leaf
Lounge, Plaintiff,

v.

The VILLAGE OF FOREST PARK, a
municipal corporation, and Lorraine
Popelka, individually, Defendants.

No. 94 C 7461.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 11, 1996.

Gregory E. Kulis, Gregory E. Kulis and Associates, Chicago, IL, for plaintiff.

Mitchell Alan Orpett, Michael Joseph Meyer, Tribler, Orpett, Palmer & Crone, P.C., Chicago, IL, for defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is Defendants' motion to strike and dismiss the Second Amended Complaint of Plaintiff R & V Pine Tree, Inc. d/b/a the Pines Restaurant/the Oak Leaf Lounge ("Corporation") filed by Defendants, Lorraine Popelka ("Popelka") and the Village

of Forest Park ("Forest Park") (collectively "Defendants"). For the following reasons, the motion is granted.

## I. Background

The events preceding the seven-day suspension of the Corporation's liquor license follow. During October 1994, the Corporation orally contracted with a production company for a disc jockey to perform at its location in Forest Park on "disc jockey nights." On those nights, the number of black patrons at the Corporation increased.[1]

The Corporation alleges that also during October of 1994, Popelka, Mayor and Liquor Commissioner of Forest Park, initiated a custom and practice of harassment and interference with the Corporation's right to freedom of expression and of interference with its business. The pleaded harassment conclusions and allegations include, inter alia, police pulling over black patrons in their vehicles without a valid cause; video taping black patrons; paying police officers overtime to sit outside of the Plaintiff's Corporation although no trouble had been reported; having police walk through the Corporation for no valid reason; bringing groundless proceedings to revoke the Corporation's liquor license; and having police set off patrons' auto alarms.

The Corporation asserts that the motive of Popelka was to force it to eliminate disc jockey nights and reduce the number of black patrons who frequent the Corporation and Forest Park.[2] Furthermore, the Corporation alleges that its agent heard a telephone conversation on a police scanner which provided clear evidence that Popelka had made a decision to punish the Corporation before any local liquor commission hearing and before any evidence was heard.

The Corporation filed a five-count Second Amended Complaint ("Complaint") against Defendants. Counts I and II allege a violation of First Amendment rights under 42

---

1. The parties have not disclosed whether attendance exceeded occupancy limits.

2. The court notes that the Complaint does not attempt to claim violations of the Corporation's black patrons' First Amendment rights. See Stearnes v. Baur's Opera House, Inc., 3 F.3d 1142, 1143 (7th Cir.1993) (asking, "Does the Civil Rights Act of 1964 ... guarantee a particular type or, better yet, 'color' of music?"). Thus, the Corporation's standing to bring suit on behalf of such unknown patrons is not at issue and not decided by this opinion.

**344**

U.S.C. § 1983. Count I alleges that Popelka harassed and interfered with both the Corporation's right to freedom of expression and its business in an effort to force the Corporation to eliminate disc jockey nights and to thereby reduce the number of black patrons visiting the Corporation. Count II asserts similar harassment claims, naming Forest Park as a Defendant. Count III brings state claims alleging that both Defendants committed tortious interference with the Corporation's business relations and with the contractual relationship between the Corporation and the disc jockey hired to perform on disc jockey nights. Count IV alleges that Popelka, in her capacity as trier of fact at a Liquor Commission hearing, failed to address the evidence and that she was predisposed to financially damage the Corporation because of her own personal agenda when she suspended the Corporation's license, fined the Corporation, and caused the Corporation financial harm. Popelka's actions, claims the Corporation, violated its due process rights under the Fourteenth Amendment. Count V states that Forest Park, by allowing Popelka to remain as the decisionmaker during the Liquor Commission hearing despite evidence demonstrating a personal agenda, violated its due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983.[3]

In each Count, the Corporation alleges commercial and financial damage to its business and reputation and both present and future financial losses. While the Corporation does not so specify in the pleadings, the court infers that the alleged harassment has ended, as the Corporation seeks only money damages rather than additional injunctive relief.

## II. *Discussion*

■ For purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept all allegations as true. *Flynn v. Kornwolf,* 83 F.3d 924, 925 (7th Cir.1996). Further, the court must draw all reasonable inferences in favor of the non-movant. *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284

(7th Cir.1994). Rule 12(b)(6) does not provide a procedure for resolving contests about facts or merits of a case; rather, it allows defendants to test the formal sufficiency of statements of claims for relief. *American Auto. Accessories, Inc. v. Fishman,* No. 95 C 5156, 1996 WL 480369, at *2 (N.D.Ill. Aug. 22, 1996). Because federal courts require mere "notice pleading," the court must construe the pleadings liberally, and mere vagueness or lack of detail alone cannot be sufficient grounds for dismissal. *Id.* Thus, the test under Rule 12(b)(6) is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim which would entitle him to relief. *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

### A. Counts I and II

■ Counts I and II allege that Defendants violated § 1983 when their harassment interfered with the Corporation's First Amendment right to freedom of expression. Although unclear, it appears that the Corporation attempts to state a claim for violation of its First Amendment right to freedom of expression. Section 1983 claims require deprivation of "clearly established" constitutional rights. *See Gregorich v. Lund,* 54 F.3d 410, 413 (7th Cir.1995) (citation omitted).

■ Where the Corporation cannot demonstrate that the official's conduct violated a clearly established right, the officials are entitled to qualified immunity. *Williams v. Anderson,* 959 F.2d 1411, 1414 (7th Cir.1992) (citation omitted). The court focuses its determination, of whether a right was clearly established, on the state of the law at the time of the alleged violations. *Id.* (citation omitted).

■ The Corporation states that Defendants engaged in the harassment in order to reduce the number of black patrons visiting the Corporation, and thereby limit the number of black patrons in Forest Park. The Corporation alleges that it was injured in

---

**3.** The Complaint does not allege the evidence at the suspension hearing. The Corporation did

not appeal the suspension.

that it suffered financial losses and damage to its business reputation.

The question is whether the Corporation has alleged deprivation of a clearly established constitutional right. The answer is "no." The First Amendment right asserted by the Corporation is simply too generalized and abstract.

Defendants cite *Goldschmidt v. Patchett,* 686 F.2d 582 (7th Cir.1982), in support of their argument that the Corporation has not demonstrated a clearly established constitutional right. In *Goldschmidt,* the defendant prosecutor sent to the plaintiff attorney a letter, advising the attorney that his newspaper advertisement appeared to violate the Illinois statute prohibiting advertising for dissolution of marriage. The attorney continued advertising despite the letter, and the Illinois legislature subsequently repealed the statute. Nevertheless, the attorney sued the prosecutor, alleging a violation of his First Amendment rights. The *Goldschmidt* court held that the mere threat of deprivation of First Amendment rights does not constitute adequate injury for § 1983 purposes; rather, plaintiffs must allege an actual deprivation. *Id.* at 585. *See also Reichenberger v. Pritchard,* 660 F.2d 280 (7th Cir.1981) (holding that owners of bar with nude dancers did not state a § 1983 claim based on First Amendment rights where they failed to allege interruption of business or expressive activities, despite monetary losses).

As in *Goldschmidt* and *Reichenberger,* in the instant case, the Corporation has not adequately pleaded that it actually suffered a deprivation of a constitutional right. The Corporation fails to establish a nexus between (1) the harassment and alleged loss and (2) the First Amendment. Given the facts as alleged, the court must strain too far to imagine a First Amendment violation. *See Rowe v. Forrester,* 368 F.Supp. 1355, 1356 n. 2 (N.D.Ala.1974). Even under liberal federal notice pleading standards, complaints must put defendants on notice of the claims against them. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). The instant Complaint fails to do so.

Despite three attempts at stating a claim, the Corporation once again fails to state

which right it asserts, and how Defendants may have deprived it of that right. Although the Corporation alleges that it suffered monetary losses, it does not state that it stopped disc jockey nights or that the harassment interrupted its business. It also makes vain, unsupported, efforts to state that it had a constitutional right to avoid police observation; the court highly doubts that any such right exists. Furthermore, the Corporation falls short of pleading the possibility of a future deprivation of rights.

"[T]he mere attempt to deprive a person of his First Amendment rights is not, under usual circumstances, actionable under section 1983." *Andree v. Ashland County,* 818 F.2d 1306 (7th Cir.1987). The Corporation seems to have pleaded nothing more than an attempt, and does not argue otherwise in its reply brief. Indeed, the Corporation's brief states that "Defendants *attempted* to suppress the music played on disc jockey nights and the gathering of black patrons." (Resp. at 1 (emphasis added).) Perhaps unfortunately for the Corporation, it seems that Defendants' "attempt" failed. The court is unaware of the cognizability of attempted deprivation pursuant to § 1983, and the Corporation's counsel has cited no such case.

Without a more precise description of the alleged deprivation of freedom of expression, this court cannot evaluate the Corporation's claim. As such, the court is unable to find that the Corporation has placed Defendants on notice of the kinds of claims asserted against it. Thus, the Corporation has not stated a § 1983 claim for deprivation of its First Amendment right to expression.

### B. Count III

The court has dismissed all federal allegations. As such, it also dismisses the supplemental state tort allegations, declining to exercise supplemental jurisdiction. *See Khan v. State Oil Co.,* 93 F.3d 1358 (7th Cir.1996).

### C. Count IV

On January 5, 1995, Popelka suspended the Corporation's license for seven days and issued a $1,000 fine. The Corporation alleges that Popelka's actions violated its due process rights. These actions, however,

were judicial and, therefore, subject to absolute immunity under § 1983. *See Reed v. Village of Shorewood,* 704 F.2d 943, 951–2 (7th Cir.1983). The Corporation's claim that Popelka operated pursuant to a personal agenda and not in her judicial capacity does not affect her immunity. Consequently, as the court has already ruled in previous motions, Popelka's motion to dismiss on this basis is granted. The court admonishes the Corporation's counsel for re-pleading this already-addressed issue.

### D. Count V

■ Finally, this court must consider the liability of Forest Park with respect to the sanctions imposed by Popelka. As stated in this court's previous Order, Forest Park can be held liable for Popelka's actions under § 1983 if the Corporation can demonstrate that those actions were taken pursuant to a municipal policy. *Reed,* 704 F.2d at 953. This is true even where Popelka is personally immune from liability. *Id.* at 953. The Corporation, however, fails to even state a valid claim against Forest Park because (1) its claim against Popelka is insufficient; (2) its claim against Forest Park is flawed; and (3) the Corporation possesses state remedies which preclude its due process claim. First, the Corporation simply fails to state a due process claim against Popelka. *See Id.* The Corporation purports that Popelka denied it an adequate pre-deprivation hearing because Popelka was predisposed to punishing the Corporation and she did not consider the evidence at the hearing. The Corporation based its unfair hearing allegation on the following: (1) an intercepted telephone conversation in which Popelka stated that she had the evidence and that the Corporation could appeal to the State; and (2) the aforementioned examples of harassment. Contrary to the Corporation's assertions, the conversation and the harassment fail to adequately support the contention that Popelka did not consider evidence at the hearing. The Corporation must overcome the hurdle of presenting a legally non-frivolous claim to obtain leave to proceed. *Jones v. Morris,* 777 F.2d 1277 (7th Cir.1985). Even with the liberal reading mandated by *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), the due process

claim against Popelka fails to surmount this hurdle. Hence, the Corporation has not stated a claim against Forest Park, because the Corporation has not pleaded that Popelka's conduct deprived the Corporation of its due process rights.

The Corporation's claim against Forest Park also fails to state a claim pursuant to *Reed. See Reed,* 704 F.2d at 953. The Corporation contends that Forest Park violated the Corporation's due process rights by "ratifying" Popelka's violation of due process. Supposedly, Forest Park unconstitutionally failed to remove Popelka from her role as the hearing's decision-maker after Popelka's predisposition toward the Corporation surfaced through the intercepted conversation. The Corporation, however, fails to state that Forest Park "ratified" Popelka's acts pursuant to a municipal policy. From the Complaint, this court cannot logically conclude from the pleadings that Forest Park's failure to remove Popelka constituted a conscious action taken pursuant to a municipal policy of harassment.

Finally, the court finds that the Corporation has not stated a due process claim because it has not stated a due process injury; the suspension of the Corporation's license did not deprive the Corporation of due process rights. In *Parratt v. Taylor,* the Supreme Court stated that "some kind of hearing is required at some time before a State finally deprives a person of his property interests." *Parratt v. Taylor,* 451 U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981). The fundamental requirement of due process is the opportunity to be heard; this is an "opportunity which must be granted at a meaningful time and in a meaningful manner." *Id.* (citation omitted). Illinois' post-deprivation remedy under 11 Ill. Admin. Code, Part 100 § 100.230 provides: "In any case where a licensee appeals to the Illinois Liquor Control Commission from an order of the Local Liquor Commission, fining, suspending or revoking a license ... the licensee may resume the operation of the licensed business pending the decision of the Illinois Liquor Control Commission."

Even if Popelka had suspended and fined the Corporation without hearing evidence, the Corporation had a remedy under Illinois' post-deprivation scheme. The Corporation

could have continued its business while it appealed Popelka's decision to the Illinois Liquor Commission ("ILC"). Absent an allegation that the ILC did not consider the evidence on appeal, the post-deprivation remedy offers sufficient protection from a due process violation. This court does not sit as an appellate court to the ILC. Taken together, the pre- and post-deprivation remedies provided the Corporation sufficient protection from a due process violation by providing the Corporation with the opportunity to be heard in a meaningful time and manner. Accordingly, the Corporation fails to state a due process claim against Forest Park. Thus, the due process count against Forest Park must be dismissed as well.

### III.  *Conclusion*

This is the Corporation's third "bite at the apple." "[A]fter so many litigious bites, the apple has been consumed." *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, No. Civ. A. 94–1775, 1994 WL 715622 (D.D.C., Dec. 5, 1994). Its nebulous legal theories have thrice been dispelled by its own pleading of the facts. The federal court is not the place to seek relief from a disappointing liquor license suspension hearing. For the foregoing reasons, the Defendants' Motion to Strike and Dismiss Plaintiff's Amended Complaint is granted.

IT IS SO ORDERED.